UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICOLE NICHOLS and ROBERT NICHOLS,<br><br>                Plaintiffs,<br>    vs.<br><br>MMIC INSURANCE INC.,<br>MICHAEL P. WOODS, M.D., and<br>BELLEVUE OBSTETRICS &<br>GYNECOLOGY ASSOCIATES, P.C.,<br><br>                Defendants. | 4:14-CV-04025-KES<br><br><br>ORDER GRANTING PLAINTIFFS'<br>MOTION FOR RECONSIDERATION |

Defendants Michael P. Woods, M.D., and Bellevue Obstetrics & Gynecology Associates, P.C., moved the court to dismiss the claims against them for lack of personal jurisdiction or, alternatively, for dismissal or transfer due to improper venue. Defendant MMIC moved the court to dismiss the claims against it for lack of subject matter jurisdiction or, alternatively, to dismiss for failure to state a claim. Plaintiffs, Nicole and Robert Nichols, opposed those motions. On December 17, 2014, the court entered an order granting Woods and Bellevue's motion to dismiss for lack of personal jurisdiction, and granted in part and denied in part MMIC's motion to dismiss. Docket 34. Plaintiffs now move the court to reconsider its ruling and to enter an order transferring the

case to Nebraska or Iowa. Docket 35.[1] For the following reasons, the court grants plaintiffs' motion.

## BACKGROUND

Plaintiffs are residents of South Dakota. Defendant MMIC is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Defendant Woods is a licensed medical physician who currently resides in Iowa. During the events giving rise to this dispute, however, Woods was a resident of and licensed physician in the state of Nebraska, with medical malpractice insurance provided by MMIC. Additionally, during this time, Woods was employed by defendant Bellevue, a Nebraska corporation.

Plaintiffs brought a single action naming Woods, Bellevue, and MMIC as defendants on February 14, 2014. Docket 1. Plaintiffs alleged that Woods (and by extension Bellevue) were liable for medical malpractice. Plaintiffs' claimed that MMIC prevented Dr. Andrew E. Bourne, one of MMIC's insureds, from acting as an expert witness in plaintiffs' malpractice dispute with Woods and Bellevue.

Defendants then filed motions to dismiss. MMIC argued that all of plaintiffs' allegations against it should be dismissed for lack of subject matter jurisdiction or for failure to state a claim. The court granted that motion in part, but concluded that several of plaintiffs' claims were sufficiently pleaded to survive dismissal. Woods and Bellevue argued that the court did not have

---

[1] Plaintiffs also requested oral argument pursuant to D.S.D. Civ. LR. 7.1. Docket 35 at 2. Because the court can resolve the pending motion without oral argument, the request is denied.

2

personal jurisdiction over them or, if the court did have personal jurisdiction, that the court should nonetheless transfer the case to the United States District Court for the District of Nebraska. The court granted that motion after concluding that it did not have personal jurisdiction over Woods and Bellevue. In doing so, the court stated it "need not address the parties' remaining arguments with respect to venue." *Nichols v. MMIC Ins. Inc.*, No. 4:14-CV-042025-KES, 2014 WL 7215208, at *9 (D.S.D. Dec. 17, 2014).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider. In this case, plaintiffs bring this motion to reconsider under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under Rule 54(b), district courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1117 (8th Cir. 2007) (quotation and citation omitted). While the specific standard for a motion made under Rule 54(b) is unclear, generally courts have found the standard "to be less exacting than would be a motion under Federal Rule of Procedure 59(e), which in turn is less exacting than the standards enunciated in Federal Rule of Procedure 60(b)." *Colombe v. Rosebud Sioux Tribe*, 835 F. Supp. 2d 736, 750 (D.S.D. 2011) (quotation and

3

citation omitted); *see also Doctor John's, Inc. v. City of Sioux City, Ia.*, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006). Although the court's reconsideration of interlocutory orders might be less rigorous than that of final orders for Rule 59(e) or 60(b), courts "should look to the kinds of consideration under those rules for guidance." *Doctor John's*, 438 F. Supp. 2d at 1027 (quotation and citation omitted). Like other motions to reconsider, "[i]t is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (quotations and citation omitted).

## DISCUSSION

When a plaintiff brings "a case laying venue in the wrong division or district," the court has the power to "dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Supreme Court has explained that the purpose of this section was aimed at "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). And while the statute speaks in terms of "laying venue," the Eighth Circuit has recognized that § 1406(a) grants courts the power to transfer a case for lack of personal jurisdiction, as well as for improper venue. *Eggleton v. Plasser & Theurer Export*

*Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 584 (8th Cir. 2007). Thus, even though the court concluded it did not have personal jurisdiction over Woods and Bellevue,[2] that defect did not deprive the court of its power to transfer the action to another forum.

Despite previously resisting Woods and Bellevue's argument that transfer was appropriate, plaintiffs now contend they simply made what *Goldlawr* referred to as "an erroneous guess" that South Dakota was the proper forum for their dispute against Woods and Bellevue. Plaintiffs argue that this court should reconsider the portion of its order dismissing their claims against Woods and Bellevue for lack of personal jurisdiction. According to plaintiffs, they can no longer file suit in Nebraska or Iowa because the statutes of limitations in those states have run. In effect, the court's order has barred their claims from being heard. Therefore, plaintiffs ask the court to transfer this case, including the claims against MMIC, to the United States District Court for the District of Nebraska.

The court concludes that the interests of justice would best be served if plaintiffs' malpractice claim is not defeated on procedural grounds. And although the court has the authority to sever the portion of this dispute against MMIC and to retain jurisdiction, *St. Paul Fire & Marine Ins. Co. v. Servidone Const. Corp.*, 778 F. Supp. 1496, 1508 (D. Minn. 1991) (citing Fed. R. Civ. P.

---

[2] The question of the whether the court had personal jurisdiction over MMIC was not disputed.

21), the court will transfer the entirety of this dispute to the United States District Court for the District of Nebraska.

## CONCLUSION

The court concludes the interests of justice are best served by transferring this case to the United States District Court for the District of Nebraska. Accordingly, it is

ORDERED that plaintiffs' motion for reconsideration (Docket 35) is granted, and this case will be transferred to the United States District Court for the District of Nebraska.

Dated May 15, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE